In the Matter of Summary Proceedings: CHARLES G. BURD, Landlord, Respondent, v. WALTER G. OVERTON, Tenant, Appellant, HERMAN R. ROGERS, Tenant, and GEORGE J. ROBERTS & SON, INC., and Another, Subtenants, Defendants.— Order of the County Court of Suffolk county reversing order and judgment of the Justice's Court of the town of Brookhaven dismissing the landlord's petition, with leave to commence another proceeding, unanimously affirmed, without costs. The decision of this court in *Matter of Canfield (Burd)*, (230 App. Div. 709) is not decisive of the present appeal. The case is authority for the proposition that the reasonable value of the building upon the demised premises is the basis upon which the rights of the parties depend. The testimony in that case, as shown by our opinion, " reveals a situation where the landlord has declined to buy the building, and that fact generated the tenant's rights to a renewal of the lease at a rental to be fixed according to the method provided therein." In the case at bar we have only the invitations of both landlord and tenant, one to the other, to fix a price from which nothing definite has eventuated. The clause in the lease requires the parties to act toward one another in good faith within the meaning and intent which contemplated a purchase of the building or a renewal of the term; and if the parties were unable to agree then there was to be the extension at a rental to be agreed upon by arbitration. If a fair and reasonable proposition is made by either of the parties relating to the purchase of the building, that should be accepted by them. The issue to be tried will be whether the proposition was reasonable. The party who should prevail here is the one who shows the essential good faith to bring about a result which the lease contemplates, without regard to the order of precedence in the making of the offer. The initiation of a reasonable and specific offer will be evidence of good faith. Present — Lazansky, P. J., Kapper, Hagarty, Carswell and Tompkins, JJ.

In the Matter of the Judicial Settlement of the Final Account of Proceedings of JANE DONELLAN, as Executrix of JOHN POWER DONELLAN, Deceased, Respondent. CECELIA L. A. SLATER, Appellant.— Decree of the Surrogate's Court of Westchester county modified by striking out that part thereof which adjudges that the appellant, Cecelia L. A. Slater, is indebted to the estate in the sum of $7,500 for legal services rendered to her by the testator, and by striking out that part thereof which adjudges that all objections made to the final account of the executrix by the appellant be dismissed upon their merits; and as so modified the decree, in so far as appealed from, is unanimously affirmed, with costs to the appellant, payable out of the estate, and the matter remitted to the Surrogate's Court for a hearing upon the appellant's objections to said account, and for a resettlement of said final decree in accordance herewith. In our opinion, the appellant's proofs rebut and overcome the legal presumption of the liability of the appellant to pay for the services rendered to her by the testator. The proof shows that it was the intention and understanding of the parties that all of said services were to be and were gratuitously rendered. Present — Lazansky, P. J., Young, Hagarty, Tompkins and Davis, JJ.

In the Matter of the Probate of a Will of SIMON LEAVITT, Deceased. ABE LEAVITT, Appellant; ANNE M. LEAVITT and SAMUEL LEAVITT, as Executrix and Executor of SIMON LEAVITT, Deceased, Respondents.— Order of the Surrogate's Court of Suffolk county denying motion to vacate decree affirmed, without costs. No opinion. Lazansky, P. J., Young, Hagarty, Carswell and Scudder, JJ., concur.